IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | Nos. 15-443-3, 16-390-1 |
| SHARAE JOHNSON COLEMAN | : | |
| | : | |

McHUGH, J.                                                                                          March 2, 2021

### MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582. Petitioner Sharae Johnson Coleman was found guilty by a jury of conspiracy to commit bank robbery and aiding and abetting bank robbery. After her conviction she pleaded guilty to those crimes, together with separate charges of conspiracy to commit bank fraud and aggravated identity theft, arising out of other fraudulent conduct as a bank teller. In total, she faced a guideline range of 87 to 102 months. Despite her having proceeded to trial in the face of strong evidence, the Government offered her a meaningfully reduced sentence of 65 months. This was undoubtedly a function of her lack of prior criminal history.

Ms. Johnson Coleman has served approximately 41 months at FCI Alderson, and now seeks early release because of the COVID pandemic. Having reviewed the record, the motion will be denied.

The statute requires "extraordinary and compelling reasons" to grant release. 18 U.S.C. §3582 (c)(1)(A)(i). Defendant fails to meet that standard. Ms. Johnson Coleman is 33 years old

and generally in good health. She suffers from migraine headaches, requiring treatment, but to date there does not appear to be any increased risk to such patients from COVID. She has one risk factor: Ms. Johnson Coleman is mildly obese, with a body mass index (BMI) that she asserts is 32.9. The Centers for Disease Control (CDC) have now identified obesity — patients with a BMI of above 30 kg/m2 —as presenting a risk of severe disease to those infected by COVID. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (updated Feb 22, 2021).[1] Separately, the CDC has categorized three classes of obesity, and fortunately Defendant is in the lowest risk category, class 1. *See* Centers for Disease Control and Prevention, *Defining Adult Overweight and Obesity*.[2]

Ms. Johnson Coleman's fears about the pandemic are understandable. Nonetheless, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020). Clearly, the efforts of the Bureau of Prisons have been met with mixed success, as outbreaks have occurred. At Alderson, cases among inmates and staff have been modest in number, with good outcomes and no deaths. *See* Federal Bureau of Prisons, *Coronavirus* (updated March 1, 2021).[3] On balance, I cannot say that a single risk factor, at the low end of the applicable range, provides an extraordinary and compelling reason against the background of an institution with a strong record of coping with the pandemic.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html
[2] https://www.cdc.gov/obesity/adult/defining.html
[3] https://www.bop.gov/coronavirus/

Ms. Johnson Coleman cites the unfortunate reality that the COIVD pandemic has disproportionately affected African American citizens. But no researcher has suggested a biological vulnerability, and the data reviewed by one district court supported the conclusion that such disparities are a product of inequities in the availability of health care. *See United States v. Bowman,* No. 08-10086, 2020 WL 5569584, at *2 (C.D. Ill. Sept 17, 2020). The CDC has reached a similar conclusion. *See* Centers for Disease Control and Prevention, *Covid-19 Racial and Ethnic Health Disparities* (last visited Feb. 25, 2021).[4]

Even when a defendant shows extraordinary and compelling reasons for release, courts must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether early release is merited. 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2).

After analyzing these factors, even if I deemed her one risk factor to be compelling, I would still conclude that Ms. Johnson Coleman's sentence should not be reduced. I remain struck by the seriousness of the Ms. Johnson Coleman's conduct. She was not incarcerated simply for identity theft, but for her participation in a bank robbery in which her co-workers were terrorized. Her denial of responsibility for her actions was striking, as was her posting of a rat emoji and derogatory statements on social media targeting someone she believed was cooperating with the Government. PSIR, ¶¶ 9-10. Her allocation at sentencing was brief and perfunctory. Sent. Tr. 1/17/2018, p. 15. By any measure, the sentence negotiated by the Government following her

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/racial-ethnic-disparities/index.html

conviction by a jury represented a significant accommodation to Ms. Johnson Coleman. Absent far more compelling circumstances, I am obliged to conclude that her release at this time would fail to recognize the seriousness of her crimes, promote respect for the law, and could also fail to deter her from future criminal conduct notwithstanding her contention that she is now a changed person. Accordingly, the motion for compassionate release is denied.

s/ Gerald Austin McHugh<br>
United States District Judge